**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JORGE MEDRANO and RONNIE MEDRANO** an individuals and as successors in interest to decedent **RODOLFO MEDRANO,**<br><br>Plaintiffs,<br><br>v.<br><br>**KERN COUNTY SHERIFF'S OFFICER; COUNTY OF KERN and DOES 1 to 10,** inclusive,<br><br>Defendants. | 1:12-CV-00564 AWI JLT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY FOR A MORE DEFINITE STATEMENT**<br><br>(Doc. No. 13) |

On April 10, 2012, Plaintiffs Jorge H. Medrano and Ronnie Medrano filed suit in this Court against Defendants Kern County Sheriff's Officer, County of Kern, and Does 1 to 10, alleging causes of action for (1) violation of civil rights under 42 U.S.C. § 1983; (2) violation of civil rights under California Civil Code §§ 43 and 52.1, and California Constitution Art. 1, § 13; and (3) wrongful death.[1]  Defendant County of Kern (the "County") now moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively for a more definite

---

[1] On September 5, 2012, the County also removed to this Court a virtually identical complaint filed by Plaintiffs in the Kern County Superior Court on April 10, 2012. *See* Court's Docket, Doc. No. 11. The County represented in the Notice of Removal that Plaintiffs informed them that a decision to dismiss one of the Complaints would be completed by Friday, August 24, 2012. *Id.* at ¶ 3. As of the date of this motion, it appears the County has not received a response from Plaintiffs regarding the duplicate complaints. *Id.* Doc. No. 13 at 3. The County has requested judicial notice of the Kern County complaint. Plaintiffs did not object to the request. Public documents are the proper subject of judicial notice. *See* Fed. R. Evid. 201(b); *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986); *Fortaleza v. PNC Fin. Serv. Grp., Inc.,* 642 F.Supp.2d 1012, 1019 (N.D.Cal.2009). The Court therefore grants the County's request.

statement pursuant to Federal Rule of Civil Procedure 12(e).  *See* Court's Docket, Doc. No. 13. For the reasons stated herein, that motion will be granted in part and denied in part.

## BACKGROUND

This case arises from the death of Rodolfo Medrano ("Decedent"), the brother of Plaintiffs, due to an officer-involved shooting on May 29, 2011, at 2750 South Union Avenue, Bakersfield, CA, 93307.  *See* Compl. ¶ 11. Plaintiffs allege Decedent was in a wheelchair when, without warning, unidentified "sheriff officers" employed by the County repeatedly and unjustifiably shot Decedent, causing his death.  *Id.*  Plaintiffs allege Decedent made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he posed a threat of violence.  *Id.* ¶ 12.  Plaintiffs contend Defendants' actions violated Decedent's Fourth Amendment right to be free from unreasonable searches and seizures, and deprived them of their Fourteenth Amendment rights to substantive due process, privacy, as well as the fundamental right to familial association with their brother.  *Id.* ¶ 19. Plaintiffs further contend Defendants' actions deprived Decedent of the rights, privileges, and immunities secured to him by Article 1, Section 13, of the California Constitution; and California Civil Code §§ 43 and 52.1.  *Id.*  ¶ 33.  Finally, Plaintiffs allege they have sustained substantial economic and non-economic damages resulting from Decedent's death due to Defendants' conduct, including funeral and burial expenses.  *Id.* ¶¶ 53-54.

The County filed the instant motion to dismiss, arguing that the Complaint fails to state a claim against the County because it is so ambiguous and unintelligible, and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Alternatively, the County contends that the Complaint is so vague, ambiguous, and unintelligible that the County is unable to reasonably frame a responsive pleading thereto and Plaintiffs should be required to provide a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e).

**LEGAL STANDARD**

**A.    Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); see Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels–Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir.2010). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.    Motion for a More Definite Statement**

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading ... which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). "However, motions for a more definite

statement are disfavored, and 'ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail.' " *Dri–Eaz Products, Inc. v. Nguyen,* No. C 11–1654Z, 2012 U.S. Dist. LEXIS 60860, at *4 (W.D.Wash. May 1, 2012) (quoting *Hayton Farms Inc. v. Pro–Fac Corp. Inc.,* No. C10–520–RSM, 2010 U.S. Dist. LEXIS 132167, at *4 (W.D.Wash. Dec. 14, 2010)). A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted in order to frame a response. *See Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D.Cal.1981). The Court must deny the motion if the complaint is specific enough to notify defendant of the substance of the claim being asserted. *See Bureerong v. Uvawas,* 922 F.Supp. 1450, 1461 (C.D.Cal.1996). The Court may also deny the motion if the detail sought by a motion for a more definite statement is obtainable through the discovery process. *Beery v. Hitachi Home Electronics (America), Inc.,* 157 F.R.D. 477, 480 (C.D.Cal.1993).

**DISCUSSION**

**A.     Motion to Dismiss**

The County contends the Complaint fails to state a claim against the County under Title 42 U.S.C. § 1983; the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1 (the "Bane Act"); Cal. Civ. Code § 43; Art. 1, § 13 of the California Constitution; or for wrongful death.

*1.     Section 1983 Claim Against County*

Local governments can be "persons" subject to liability under 42 U.S.C. § 1983. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  However, a local government unit may not be held responsible for the acts of its employees under a respondent superior theory of liability. *Id.* at 691; *Fuller v. City of Oakland,* 47 F.3d 1522, 1534 (9th Cir.1995).  Rather, to state a claim for municipal liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *See City of Canton, Ohio, v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).  A Section 1983 plaintiff may establish local government liability based on


official policy or custom only by (1) alleging and showing that a city or county employee committed the alleged constitutional violation under a formal governmental policy or longstanding practice or custom that is the customary operating procedure of the local government entity; (2) establishing that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself was an act of official governmental policy which was the result of a deliberate choice made among various alternatives; or (3) proving that an official with final policy-making authority either delegated policy-making authority to a subordinate or ratified a subordinate's unconstitutional decision or action and the basis for it.  *See Monell,* 436 U.S. at 691; *Gillette v. Delmore,* 979 F.2d 1342, 1346-47 (9th Cir. 1992).

      The County argues the Complaint fails to state a Section 1983 cause of action because Plaintiffs have failed to identify the agents or employees of the County whose actions were consistent with County customs or policy.  The County further contends the Complaint fails to identify any policy or custom which resulted in the alleged constitutional violations.  Plaintiffs respond that Defendants have not fulfilled their duty under Federal Rule of Civil Procedure 26 to disclose:

> without awaiting a discovery request. . . the name, and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A).  Plaintiffs contend Defendants have strategically circumvented this duty to provide information within their possession in order to bring the instant motion.  The Court agrees that the failure to identify the individual officers allegedly involved is not fatal to Plaintiffs' Section 1983 claim against the County where the Complaint sets forth the date, location, and victim of the shooting, and alleges that the officers involved were employed by the County.

      To state a claim for *Monell* liability, a plaintiff must allege "a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure of the

5

local governmental entity.'" *Gillette*, 979 F.2d at 1346 (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989)). A "policy" is a "deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel,* 531 F.3d at 834. A "custom" for purposes of municipal liability is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); *L.A. Police Protective League v. Gates,* 907 F.2d 879, 890 (9th Cir.1990). Here, Plaintiffs allege their injuries were caused by the customs, practices, policies and decisions of the County, including inadequately training and supervising officers with respect to the reasonable and proper use of deadly force against civilians. Compl. ¶ 20. Plaintiffs allege the County hired, trained, supervised, employed and/or managed the individual officers involved with conscious disregard of and deliberate indifference to the constitutional rights of third parties in that adequate scrutiny of their backgrounds would have revealed them to be dangerous and violent employees, prone to use deadly force without reasonable justification. *Id.* ¶ 21. Viewing these facts in the light most favorable to Plaintiffs, the allegations are sufficient to withstand a motion to dismiss. The Court will therefore deny the County's motion to dismiss Plaintiffs' First Cause of Action.

    2.    *Bane Act*

The Bane Act, is an anti-hate crime statute. *See In re Joshua H.*, 13 Cal. App. 4th 1734, 1748 n.9 (Cal. App. 1993). The Bane Act "provides that a person may bring a cause of action 'in his or her own name and on his or her own behalf' against anyone who 'interferes by threats, intimidation or coercion,' with the exercise or enjoyment of any constitutional or statutory right." *Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal. App. 4th 141, 144 (Cal. App. 1995) (quoting Cal. Civ. Code § 52.1). Plaintiffs' Second Cause of Action brought under the Bane Act alleges Defendants violated Decedent's rights under Article 1, Section 13, of the California

6

Constitution to be free from unreasonable searches and seizures and the right to be free from the use of unreasonable and excessive force.[2]  The County contends Plaintiffs cannot maintain a derivative action on behalf of Decedent because the Bane Act requires the injured party to bring an action "in his own name and on his own behalf."  *See* Cal. Civ. Code § 52.1(b).  Although the Complaint specifically states that "[t]his cause of action is brought on behalf of RODOLFO MEDRANO by and through his Successor in Interest, Plaintiffs, who would, but for his death, be entitled to bring this cause of action," Plaintiffs also argue that they have standing under the Bane Act because their own constitutional rights were injured.  Compl. ¶ 31.

In *Bay Area Rapid Transit*, the parents of a 19-year-old African-American male shot and killed by a white police officer sought damages for civil rights violations under the Bane Act.  *See Bay Area Rapid Transit*, 38 Cal. App. 4th at 142.  The parents argued that the officer's conduct, which resulted in their son's death, also interfered with their constitutional right to parent.  *Id.* at 144.  The California Court of Appeal held that while the Bane Act provides a personal cause of action for a victim of a hate crime, it "is not a wrongful death provision" and "does not provide derivative liability for the parents of a victim of a hate crime, or for any other persons not present and not witnessing the actionable conduct."  *Id.* at 144.  The cases cited by Plaintiffs in support of their argument that they are entitled to bring a Bane Act claim for their own injuries, as they could under 42 U.S.C. § 1983, are inapposite.  In each of those cases, the plaintiffs suing under the Bane Act were themselves victims of the alleged excessive force or false arrest, rather than family members of those victims.  *See Medora v. City & County of San*

---

[2] Plaintiffs also cite violation of California Civil Code § 43 as a basis for their Bane Act claim.  Section 43 provides:

> Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations

Cal. Civ. Code § 43.

7

*Francisco*, No. C 06-0558 EDL, 2007 WL 2522319, at *2 (N.D.Cal., Aug. 31, 2007) (plaintiff alleged officers had used excessive force against her); *Cole v. Doe*, 387 F.Supp.2d 1084, 1103 (N.D.Cal. 2005) (plaintiff alleged officers had interfered with his right to be free from an unreasonable search or seizure under the California Constitution); *Gillan v. City of San Marino*, 147 Cal.App.4th 1033, 1050 (Cal. App. 2007) (plaintiff alleged he was arrested without probable cause).  Accordingly, the Court finds that Plaintiffs lack standing to bring a claim under the Bane Act on their own behalf.

However, as pleaded, Plaintiffs' Bane Act claim is in the nature of a survival cause of action, rather than a wrongful death cause of action. Unlike wrongful death, a survival claim is not a new cause of action that vests in heirs on the death of the decedent, but rather is a separate and distinct cause of action which belonged to the decedent before death but, by statute, survives that event; the survival statutes do not create a cause of action, but merely prevent abatement of a cause of the injured person and provide for its enforcement by or against the personal representative of the deceased. *Grant v. McAuliffe,* 41 Cal.2d 859, 864, 264 P.2d 944 (Cal. 1953); *Quiroz v. Seventh Ave. Center,* 140 Cal.App.4th 1256, 1264-65, 45 Cal.Rptr.3d 222 (Cal. App. 2006).  In *Dela Torre v. City of Salinas*, the mother of a woman tasered, shot, and killed by police officers filed suit alleging, among other things, that the defendants had violated the decedent's rights under the Bane Act by interfering with her exercise or enjoyment of various rights secured by the United States and California Constitutions. *See* No. C-09-00626 RMW, 2010 WL 3743762, at *6 (N.D.Cal., Sep. 17, 2010).  In *Dela Torre*, the court concluded that the decedent's Bane Act cause of action survived her death under California Code of Civil Procedure § 377.2, and therefore her mother, as successor in interest, had standing to assert a claim for violation of § 52.1 on the decedent's behalf. *Id.* at *7 (citing *Moore ex rel. Moore v. County of Kern,* Nos. 1:05-cv-1115-AWI-SMS, 1:06-cv-0120-OWW-SMS, 2007 WL 2802167, at *5-6 (E.D.Cal., Sep. 23, 2007)); *cf. Arres v. City of Fresno*, No. CV F 10-1628 LJO SMS, 2011 WL 284971, at *26  (E.D.Cal., Jan. 26, 2011) (dismissing Bane Act claim to the extent plaintiffs

sought derivative relief for their own injuries caused by police shooting of decedent); *but see Abston v. City of Merced*, No. 09-CV-00511-OWW-GSA, 2009 WL 3398809, at *5-6 (E.D.Cal., Oct. 20, 2009) (finding that decedent's wife lacked standing to bring Bane Act claim on behalf of decedent's estate). While there appears to be some disagreement in this District as to the effect of the *Bay Area Rapid Transit* decision on a plaintiff's ability to bring a survival cause of action under the Bane Act on behalf of a decedent, the Court agrees with the reasoning set forth in *Dela Torre*. Accordingly, the County's motion to dismiss the Second Cause of Action is denied.

    *4.    Wrongful Death*

The County contends the Complaint fails to state a wrongful death cause of action because "[t]he required factual allegations must be such as to reveal the inapplicability of immunities, qualified and/or otherwise, and/or privileges on the part of the agents and/or employees of County." *See* Court's Docket, Doc. No. 13 at 8.  The County cites no authority in support of this contention**.**  In any event, Plaintiffs allege the decedent was shot by officers employed by the County, and provide detailed factual allegations regarding the nature of the shooting.

In California, the cause of action for wrongful death is "a pure creature of the statute" and "exists only so far and in favor of such person as the legislative power may declare." *Justus v. Atchison,* 19 Cal.3d 564, 575 (1977); *Rosales v. Battle,* 113 Cal.App.4th 1178, 1182 (Cal. App. 2003); *Chavez v. Carpenter,* 91 Cal.App.4th 1433, 1438-40 (Cal. App. 2001); *Fraizer v. Velkura,* 91 Cal.App.4th 942, 945 (Cal. App. 2001).  Standing to sue is governed by California Code of Civil Procedure § 377.60, and the categories of persons eligible to bring wrongful death actions are strictly construed.  Cal.Code Civ. Pro. § 377.60; *Steed v. Imperial Airlines,* 12 Cal.3d 115, 119-20 (Cal. 1974); *Bouley v. Long Beach Memorial Medical Center,* 127 Cal.App.4th 601, 606 (Cal. App. 2005); *Chavez,* 91 Cal.App.4th at 1438; *Fraizer,* 91 Cal.App.4th at 945; *Marks v. Lyerla,* 1 Cal.App. 4th 556, 559-60 (Cal. App. 1991).  The legislative determination as to how far to extend a statutorily created right of action "is conclusive, unless it appears beyond rational

doubt that an arbitrary discrimination between persons or classes similarly situated has been made without any reasonable cause therefor." *Justus,* 19 Cal.3d at 581; *Holguin v. Flores,* 122 Cal.App.4th 428, 437-38 (Cal. App. 2004).

Section 377.60 establishes the wrongful death cause of action and delineates who may avail themselves of the action. In relevant part, it reads:

> A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:
>
> (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.
>
> (b) Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, or parents. As used in this subdivision, "putative spouse" means the surviving spouse of a void or voidable marriage who is found by the court to have believed in good faith that the marriage to the decedent was valid.

Cal.Code Civ. Pro. § 377.60.

Probate Code § 6402 sets the order of intestate succession under § 377.60. *See Chavez,* 91 Cal.App.4th at 1440; *Frazier,* 91 Cal.App.4th at 946. When there is no surviving spouse or domestic partner, § 6402, in relevant part, provides the following succession:

> (a) To the issue of the decedent, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take in the manner provided in Section 240.
>
> (b) If there is no surviving issue, to the decedent's parent or parents equally.
>
> (c) If there is no surviving issue or parent, to the issue of the parents or either of them, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take in the manner provided in Section 240.
>
> (d) If there is no surviving issue, parent or issue of a parent, but the decedent is survived by one or more grandparents or issue of grandparents, to the grandparent or grandparents

10

equally, or to the issue of those grandparents if there is no surviving grandparent, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take in the manner provided in Section 240.

Cal. Prob.Code § 6402(a)-(d). A plaintiff who brings a wrongful death suit as an heir must establish the absence of issue by the decedent and the entitlement or propriety of the heir to seek recovery under § 377.60. *See Nelson v. County of Los Angeles,* 113 Cal.App.4th 783, 789 (Cal. App. 2004); *Coats v. K-Mart Corp.,* 215 Cal.App.3d 961, 969-70 (Cal. App. 1989); *Jolley v. Clemens,* 28 Cal.App.2d 55, 74-75 (Cal. App. 1938).

Here, Plaintiffs are brothers of the decedent. A sibling is not the "surviving spouse, domestic partner, children, [or] issue of deceased children." Cal. Code Civ. P. § 377.60(a). For purposes of the California wrongful death statute, Plaintiffs would have to establish the absence of surviving issue and standing through the intestate succession statute. Under intestate succession, siblings may recover as heirs if there is no issue of the decedent, and no surviving parents of the decedent. Cal. Prob. Code § 6402(c). The Complaint alleges Plaintiffs are successors in interest to Decedent, but there are no specific allegations concerning the existence of any spouse, issue, or surviving parents of Decedent. Accordingly, the Court will grant the County's motion to dismiss the Third Cause of Action. Plaintiffs shall be granted leave to amend to add factual allegations establishing Plaintiffs' standing under California Code of Civil Procedure § 377.60(a).

**B.    Motion for a More Definite Statement**

***Rule 12(e) provides that a party may move for a more definite statement when "a*** pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). The County has set forth a list of what it contends are confusing allegations that prevent it from filing an answer. However, a Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted in order to frame a response. *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981). The

Court must deny the motion if the complaint is specific enough to notify defendant of the substance of the claim being asserted. *See Bureerong v. Uvawas,* 922 F.Supp. 1450, 1461 (C.D.Cal.1996). The Court may also deny the motion if the detail sought by a motion for a more definite statement is obtainable through the discovery process. *Beery v. Hitachi Home Electronics (America), Inc.*, 157 F.R.D. 477, 480 (C.D.Cal. 1993).

Here, although the Court agrees that portions of the Complaint are inelegantly pleaded, the nature of the claims asserted by Plaintiffs are intelligible and unambiguous. The information sought by the County - specifically, which Doe officers employed by the County are referred to in the Complaint - is available through the discovery process. As discussed above, Plaintiffs contend Defendants have not yet fulfilled their duty under Federal Rule of Civil Procedure 26 to identify individuals likely to have discoverable information. The County, through review of its own records, should be able to ascertain which, if any, of its law enforcement officers responded to the incident involving Rodolfo Medrano on May 29, 2011, at 2750 South Union Avenue in Bakersfield. Thus, the Court finds that because the identities of the County employees allegedly involved can readily be ascertained through the liberal federal discovery procedures, the instant action does not warrant a more definite statement. If, in the course of discovery, the County learns of information that would require it to amend its answer, it may seek opposing counsel's consent or leave of the Court to do so pursuant to Federal Rule of Civil Procedure 15.[3]

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The County's motion to dismiss is GRANTED IN PART and DENIED IN PART;
2. The Third Cause of Action is DISMISSED with leave to amend;
3. The County's motion for a more definite statement is DENIED;

---

[3] However, as the County's 12(b)(6) motion will be granted in part, Plaintiffs should endeavor to clarify which persons and entities are referred to if Plaintiffs decide to file an amended complaint. Otherwise, the deficiencies are not so severe that they independently warrant repleading.

12

4. Plaintiffs shall file any amended complaint within 20 days of the date of service of this Order.

IT IS SO ORDERED.

Dated:     February 1, 2013                                    _____
                                                                                                SENIOR DISTRICT JUDGE